UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN HARDINA,<br><br>   Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>   Defendant. | Case No. 12cv2898-JM (DHB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO REQUIRE PLAINTIFF TO PAY EXPENSES FOR LATE CANCELLED MEDICAL EXAMINATION**<br><br>[ECF No. 37] |

On January 31, 2014, Defendant filed a Motion to Require Plaintiff to Pay Expenses for Late Cancelled Medical Examination. (ECF No. 37.) Plaintiff opposes the motion. (ECF No. 44.) Upon reviewing the parties' submissions, the Court finds Defendant's motion should be GRANTED.

## I. BACKGROUND

This is a personal injury action that arises out of an automobile accident between Plaintiff and a driver on official business with the United States Navy. Plaintiff alleges that he has suffered substantial bodily injuries as a result of the accident. Defendant retained an expert witness, Dr. James Bried, to examine Plaintiff and prepare an expert report. Plaintiff's examination with Dr. Bried was scheduled for January 20, 2014.

On the morning of the examination, Plaintiff's counsel had a medical emergency of her own. As a result, she cancelled Plaintiff's appointment with Dr. Bried. Plaintiff states

the examination was cancelled approximately 6 hours prior to the scheduled appointment. Thereafter, Defendant requested that Plaintiff pay the $650 cancellation fee charged by Dr. Bried. Plaintiff refused. Defendant now requests the Court compel Plaintiff to pay the cancellation fee, as well as award attorneys' fees and costs for the expense of filing the instant motion.

## II. DISCUSSION

Federal Rule of Civil Procedure 26(c)(1) provides that "[t]he court, may, for good cause, issue an order to protect a party or person from . . . undue burden or expense." Fed. R. Civ. P. 26(c)(1). In addition, the court may award a party prevailing on a motion under Rule 26(c)(1) the reasonable expenses of having to make the motion, including attorneys' fees and costs. Fed. R. Civ. P 26(c)(3); 37(a)(5). However, fees and costs should not be awarded if the opposing party's objection was substantially justified, or other circumstances would make the award of expenses unjust. Fed. R. Civ. P. 37(a)(5).

Under the circumstances, the Court understands why Plaintiff's counsel cancelled the examination, and finds no bad faith in her decision to do so. Nevertheless, the fact remains that Dr. Bried charged a cancellation fee that must be paid.[1] The Court notes that it is not out of the ordinary for a physician to charge a fee for a missed or late cancelled appointment. Nor does the amount of Dr. Bried's fee appear unreasonable. *See e.g. Tzetanova v. Wal-Mart Stores, Inc.*, 2013 WL 2460416 (D. Nev. June 6, 2013) (requiring Plaintiff to pay a $650 fee associated with a cancelled independent medical exam). The Court finds that it would be an undue expense for Defendant to shoulder the cost of the fee when it had no control over the cancellation. Since it was Plaintiff's counsel's medical emergency that necessitated the cancellation and triggered the fee, the most equitable solution is for Plaintiff to bear the associated expense. Therefore, although Plaintiff's counsel had a reasonable excuse for cancelling the exam, the Court will order Plaintiff to pay the cancellation fee.

Because Plaintiff's counsel cancelled the examination due to medical necessity, and

---

[1] Apparently, Dr. Bried has a one-week cancellation policy. *See* ECF No. 37-3 at 3. Further, the cancellation fee must be paid before the examination can be re-scheduled. *See* ECF No. 37-2 at 2.

1  because the Court does not find any bad faith on her part, the Court declines to award
2  Defendant attorney's fees and costs associated with bringing the instant motion.

### III. CONCLUSION

Defendant's Motion to Require Plaintiff to Pay Expenses for Late-Cancelled Medical Examination is GRANTED.  Plaintiff shall pay $650 to Defendant for the cost of the cancellation fee.  No other fees or costs are awarded to Defendant.

**IT IS SO ORDERED.**

DATED:  February 5, 2014

_____
DAVID H. BARTICK
United States Magistrate Judge